**In re Robert W. EISENTRAGER, Debtor.**

**Bankruptcy No. 89–20314–C–11.**

United States Bankruptcy Court, W.D. Missouri, C.D.

July 31, 1989.

Gwendolyn Froeschner, Columbia, Mo., for debtor.

John H. Lake, John Keebler, Jefferson City, Mo., for Oakland Plaza Lanes.

## ORDER DENYING MOTION TO LIFT STAY

FRANK W. KOGER, Bankruptcy Judge.

Oakland Plaza Lanes moved to lift stay or to sequester rents on the premises occupied by debtor. The motions are DENIED. To prevail in a lift of stay action, the creditor must establish that debtor possesses no equity in the property and even if that is proved, that there is little or no likelihood of any successful reorganization under Chapter 11. This is because if the property

is necessary for reorganization of the debtor, such fact likewise defeats the motion. However, this second issue requires the debtor to go forward with evidence of said converse.

■ Although the estimates (no appraisals were introduced) of the value of the property varied from $1,000,000.00 to $1,150,000.00 by the creditor to $2,000,000.00 by debtor, the most telling fact is that the total indebtedness outstanding at the date of filing was less than what creditor sold it for. Adding the balances on the three liens, the Court believes that $1,202,500.00 is owed. Movant sold for a price in excess thereof to S & B Partnership in 1982. The Court believes that the value is in excess of the liens and thus rules against movant.

■ Even were the Court to find that debtor had no equity in the property, the result would not vary. At this stage in the proceedings (some two months after filing) the Court does not believe that there is lack of "a likelihood of successful reorganization". Somewhat like the ratios, rules and formulas of long ago Physics Classes, there might be said to be a formula that Bankruptcy Judges may apply. In such terms it perhaps could be stated as follows:

> The quantum and quality of evidence, as to the likelihood of successful reorganization, needed to defeat a motion to lift stay, is inversely proportional to the length of time from the petition date.

Or for lawyers without the benefit of scientific undergraduate studies, it might be stated:

> "The older the case, the better it has to look". Based on either statement, this proceeding satisfies the requirement of potential successful reorganization and a necessity of the sought after property to effect such result.

SO ORDERED.